UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL HOFFMAN** | **CASE NO. 2:24-CV-00583** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **PINNACLE ENTERTAINMENT INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANUDM ORDER**

Before the Court are three motions to compel: two filed by defendant Kone Inc. ("Kone") [docs. 23 and 61] and a third filed by defendants Pinnacle Entertainment Inc. and Penn Entertainment Inc., (both alleged to do business as L'Auberge Casino Resort Lake Charles, collectively, "Pinnacle/Penn") [doc. 25]. Each motion contains a request for expenses including attorneys' fees under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

For the reasons that follow, it is **HEREBY ORDERED** that all three motions to compel are **GRANTED** with the limitations indicated below. It is **FUTHER ORDERED** that all three motions for Rule 37 expenses and fees are **GRANTED**.

I.
BACKGROUND

Plaintiff Michael Hoffman filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, against defendants Kone and Pinnacle/Penn. Doc. 1, att. 2. Plaintiff claims personal injury after freefalling in an elevator at L'Auberge Casino and resulting damages: pain and suffering, medical expenses, disability, loss of income, and loss of enjoyment of life. *Id.* Pinnacle/Penn are named as owners of the premises; Kone is named as the elevator owner and/or manager. *Id.* Pinnacle/Penn removed the matter on May 2, 2024. Doc. 1.

1

Prior to removal, Kone served standard interrogatories and requests for production on Plaintiff on March 18, 2024. Doc. 23, att. 4. Plaintiff never answered. Doc. 23, att. 1, p. 2. After the removal of this matter and the passage of a few months, Kone served the same requests again, this time with the federal case header. Doc. 23, att. 1, p. 2.[1] Around the same time, Pinnacle/Penn served discovery requests on Plaintiff, consisting of a single interrogatory and three requests for production.[2] Doc. 25, att. 4. Plaintiff did not timely respond to any defendant's requests. Doc. 23, att. 1, pp. 2-3; doc. 25, att. 2, p. 1.

After the passage of several months, Kone and Pinnacle/Penn filed motions to compel. Docs. 23, 25. The court set both motions for hearing on the same date. Plaintiff's opposition to both motions to compel consisted of four sentences suggesting that Plaintiff had recently reestablished contact with his attorney and would provide discovery responses before the hearing date:

> Plaintiff is an out of state resident. Plaintiff has been in the process of moving. Undersigned counsel has reestablished communication with Plaintiff. Responses to Defendant's discovery request shall be made prior to the hearing date set by this Court for this matter.

Docs. 28–29 (footnote omitted). Plaintiff provided those responses to opposing counsel at 3:15 a.m. on the morning of the hearing, copying chambers staff. The Court continued the hearing for approximately one month to allow movants time to assess the responses. Doc. 31.

At the hearing, Defendants asserted that Plaintiffs' discovery responses remained deficient in several respects. After considering the written submissions of the parties and the representations made at hearing, the Court ordered supplemental briefing to clarify how the responses remain deficient. Doc. 35. The Plaintiff was reminded of his ongoing obligation to supplement discovery

---

[1] Kone's October 21, 2024 discovery requests are attached as Exhibit E to the Motion to Compel. Doc. 23, att. 7.

[2] Pinnacle/Penn's September 24, 2024 discovery requests are attached to the Motion to Compel at doc. 25, att. 4.

responses under Rule 26 of the Federal Rules of Civil Procedure, and he was granted seven days to respond to the supplemental briefing. *Id*. Defendants attach to their supplemental briefs the discovery responses they have received from Plaintiff. Doc. 36, att. 2 (responses to Pinnacle/Penn requests); doc. 37, att. 2–3 (responses to Kone requests).

In its supplemental brief, Kone explains that as of the supplemental briefing deadline, it had not yet received signed authorizations from Plaintiff for medical records, employment records, or tax records. Doc. 37, pp. 5–6. Kone also addresses several of Plaintiffs' written objections to the discovery requests. Plaintiff's opposition to Kone's supplemental briefing argues only that Kone exceeded the 25 interrogatories allowed by the Federal Rules of Civil Procedure because the questions have "subparts." Doc. 39.

In their supplemental briefs,[3] Pinnacle/Penn explain that their four discovery requests to Plaintiff sought: 1) the identity of Plaintiff's medical providers for the last ten years, 2) a signed medical records authorization, 3) documents Plaintiff identified in his Rule 26 initial disclosures, and 4) documents supporting the categories of damages identified in the initial disclosures. They explain that Plaintiff identified his medical providers in his responses, but he only produced post-incident medical records from two of the six providers, and he produced no other documents referenced in his initial disclosures. In addition, as of their most recent filing, Pinnacle/Penn represent that they have not yet received Plaintiff's signed medical records authorization. Doc. 47. They state that they presented Plaintiff with an authorization for signature at his deposition, and he declined to sign because there was no date limit on the authorization. Pinnacle/Penn state that he continued to decline to sign the authorization after his attorney suggested limiting the authorization to dates 2008 to present, which would allow Defendants to obtain medical records

---

[3] Pinnacle/Penn sought and were granted leave to file a second supplemental brief. Doc. 47.

3

from a 2008 automobile accident. Doc. 47, pp. 1-2. Plaintiff filed no response to Pinnacle/Penn's supplemental briefs.

Following the supplemental briefing, Kone served a second set of requests for production of documents on Plaintiff.[4] Doc. 61, att. 4. This set of discovery consists of a single request: "A fully executed original of the attached medical authorization forms, covering the period from 2007 to the present." *Id.* Having received no *formal* response[5] to that request after the passage of approximately three months, Kone filed a second motion to compel. Doc. 61. In renewing its request for signed authorizations, Kone explains that Plaintiff has now signed certain medical authorizations allowing Kone to obtain medical records from January 1, 2014 to December 31, 2023. Kone further explains that after giving deposition testimony about a 2008 car accident, Plaintiff signed another set of authorizations for the period August 1, 2007 to March 31, 2009. Kone notes that this leaves an approximately four-year gap uncovered by either authorization, for which it cannot obtain Plaintiff's medical records. Doc. 61, att. 1, p. 2–3. In opposition, Plaintiff responds that Kone has not shown any need for additional authorizations. Doc. 63.

## II.
### LAW AND APPLICATION

Rule 26(b)(1) of the Federal Rules of Civil Procedure limits the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case. Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also* Fed. R. Evid. 401 (defining relevant evidence as making a fact

---

[4] Styled *Defendant, Kone Inc.'s Request for Production of Documents, Set Two.* Doc. 61, att. 4

[5] Kone states that in informal responses, Plaintiff's counsel asserted that the existing authorizations are sufficient; that Plaintiff's treatment from the 2008 accident concluded in 2009, and that Plaintiff does not want to sign further authorizations. Doc. 61, att. 1.

of consequence in determining the action more or less probable). Control of discovery is limited to the trial court's sound discretion. *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014).

A party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33. Similarly, a party responding to requests for production "must respond in writing within 30 days after being served or—if the request was delivered under Rule 26(d)(2)—within 30 days after the parties' first Rule 26(f) conference." Fed. R. Civ. P. 34. The parties can extend these deadlines by stipulation.

"[I]n the absence of good cause, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, then any objections thereto are waived." *Hargiss v. Princeton Excess & Surplus Lines Ins. Co.*, No. CV 3:22-00886, 2023 WL 6520536, at *3 (W.D. La. Apr. 21, 2023) (citing *In re: United States of America*, 864 F.2d 1153, 1156 (5th Cir. 1989); Fed. R. Civ. P. 33(b)(4)).

Any "party may move for an order compelling disclosure or discovery" after attempting in good faith to confer with the person failing to answer discovery. Fed. R. Civ. P. 37. Under Rule 37, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.*

Having reviewed the Defendants' discovery requests, the Court concludes that they are consistent with the scope of Rule 26 of the Federal Rules of Civil Procedure, except to the extent that they may seek records release authorizations with no date limitation.

Plaintiff makes no explanation of his failure to timely respond to Defendants' discovery requests, and therefore, Plaintiff has not established good cause to excuse that failure. Accordingly, the three pending motions to compel will be granted [docs. 23, 25 and 61], and Plaintiff's objections to the Defendants' associated discovery requests will be considered waived.

Defendants emphasize that Plaintiff delayed or never signed records release authorizations despite indicating his intention to do so. In several responses, in lieu of a substantive response, Plaintiff indicates that the attached records authorization will allow access to requested documents or information.[6] Plaintiff has made no timely formal written objection to providing the signed authorizations. Courts in this circuit have held signed authorizations may be compelled under the Federal Rules of Civil Procedure under certain circumstances: "Rule 34, along with Rule 37, empowers courts to compel parties to sign written releases or authorization forms consenting to the production of various documents." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 229 (N.D. Tex. 2016). Accordingly, this order requires Plaintiff to sign written authorizations to obtain records, within the bounds set forth below.

### III.
#### CONCLUSION

The foregoing considered, it is **HEREBY ORDERED** that the motions to compel filed by defendant Kone Inc. [doc. 23 and 61] and the motion to compel filed by defendants Pinnacle Entertainment Inc. and Penn Entertainment Inc. [doc. 25] are **GRANTED**. Having found that Plaintiff has waived his objections to movants' discovery requests, it is **FURTHER ORDERED**

---

[6] For example, in response to Pinnacle/Penn's Request for Production No. 1, which reads "Produce executed copies of the attached medical authorization[,]" Plaintiff states simply, "Please see attached." Doc. 36, att. 2. Similarly, in response to the Request for Production No. 3, which reads, "Produce copies of all documents that support the categories of damages identified in Section 3 of your Rule 26 Initial Disclosures[,]" Plaintiff refers Defendants to the documents Defendants will obtain with the non-existent records authorization. *Id.*

6

that Plaintiff is to fully respond to all three sets of discovery requests by **October 17, 2025**, and in providing those further responses, *Plaintiff shall make no objections, save as to specific objections on privilege grounds, and no documents or information may be withheld on any grounds other than a claim of privilege which, if made, must be made specifically, and accompanied by a privilege log.*

It is **FURTHER ORDERED** that Defendants are entitled to obtain from Plaintiff executed records release authorizations for the years 2014 to present; provided, however, with respect to any healthcare provider for whom Defendants have a reasonable evidentiary basis to believe may have provided treatment to Plaintiff for injuries Plaintiff sustained in the 2008 automobile accident, Defendants shall be entitled to executed records release authorizations for the years 2007 to present.

Defendants argue they are entitled to expenses and attorneys' fees incurred in connection with their motions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiff offers no opposition to this argument, and the Court agrees that Defendants are entitled to "reasonable expenses incurred in making the motion[s], including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, it is **ORDERED** that the motion for expenses and fees is **GRANTED**, and it is

**FURTHER ORDERED** that, within fourteen (14) days after the date of this Memorandum Order, each Defendant shall file into the record a statement of costs and fees incurred in connection with each of their respective motions to compel, which statement shall be supported by an affidavit setting forth the time expended for the activities described in the statement, who performed the services, and the rates applied to those time/services, as well as any other necessary documentation detailing what is claimed to be owed as a result of Plaintiff's noncompliance with his Rule 37 obligations. Plaintiff may submit a response to the Defendants' submissions within ten (10) days

after they are filed into the record.  Plaintiffs' response may address any Rule 37 factor that would make an award of expenses unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

**SO ORDERED** at Lake Charles, Louisiana, this 26th day of September, 2025.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**