UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL HOFFMAN** | **CIVIL DOCKET NO. 2:24-cv-00583** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **PINNACLE ENTERTAINMENT, INC., ET AL** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

## MEMORANDUM RULING

Before the Court are two motions for summary judgment: (1) the MOTION FOR SUMMARY JUDGMENT filed by Defendant PNK (Lake Charles), LLC d/b/a L'Auberge Casino Resort Lake Charles ("L'Auberge") [Doc. 68], and (2) the MOTION FOR SUMMARY JUDGMENT filed by Defendant KONE, Inc. ("KONE") [Doc. 70]. L'Auberge and KONE each contend that Plaintiff Michael Hoffman lacks evidence on essential elements of his claims. Plaintiff opposes both motions and invokes *res ipsa loquitur*. For the reasons that follow, both motions are GRANTED.

### I. Background

Plaintiff alleges he was injured on January 27, 2022, while alone in a passenger elevator at L'Auberge when the elevator "began operating erratically, starting and stopping abruptly and without warning," causing him to lose balance and be "tossed about" the car. He describes entering on the second floor around 7:30 a.m., pressing the ground floor button, and experiencing one or more abrupt drops and stops that produced right hip and left shoulder pain. He exited, reported the incident to L'Auberge, and later sought medical treatment. Plaintiff's account appears in his Amended Complaint [Doc. 55] and in discovery responses and deposition testimony.

He states there were no eyewitnesses. He further testified that he had experienced no prior elevator malfunctions at L'Auberge despite being a regular patron. He also acknowledged he has "no information" that L'Auberge knew of a dangerous elevator condition prior to his event.

L'Auberge submits the affidavit of its Risk Manager, Gerald ("Jerry") Forester ("Forester affidavit"), who attests that: (a) the incident allegedly occurred in Tower Elevator P3; (b) L'Auberge's records reflect no reports of that elevator malfunctioning, freefalling, or operating erratically in the three months preceding January 27, 2022; and (c) all elevators at the resort, including P3, were inspected, serviced, maintained, and repaired by KONE under a then-effective contract, with weekly technician visits and a KONE visit two days before the incident on January 25, 2022. [Doc. 68-3].

L'Auberge argues Plaintiff has no evidence of its actual or constructive notice of any vice or defect and no evidence that it failed to exercise reasonable care, particularly given KONE's regular inspections and service.

KONE argues Plaintiff has adduced no competent evidence of a defect in the elevator, of KONE's negligence, or of KONE's actual or constructive notice of any hazardous condition. KONE also relies on the Forester affidavit regarding the maintenance regimen, lack of prior reports, and the inspection two days before the event.

Plaintiff's oppositions principally invoke *res ipsa loquitur*, asserting the elevator's malfunction was unusual, L'Auberge (and KONE, respectively) had

exclusive control, and no other plausible explanation has been presented. Plaintiff incorporates movants' exhibits and provides his discovery responses.

## II. Summary Judgment Standard

A court should grant a motion for summary judgment when the movant can show that "there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.,* 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). But there is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. Analysis

### A. Claims Against L'Auberge

#### 1. Notice and Reasonable Care

Whether analyzed under the merchant liability statute, La. R.S. 9:2800.6, or general negligence principles, La. Civ. Code art. 2315, et seq., Plaintiff must present evidence that L'Auberge knew or should have known of the alleged vice/defect and failed to exercise reasonable care. *Hurst v. Hilton Hotels Corp.*, 2013-0872 (La. App.

4th Cir. 12/18/13, 6–7); 131 So. 3d 387, 390–91; *see also Lee v. Boyd Racing LLC*, 719 F.Supp.3d 514, 518-519 (W.D. La.2024). L'Auberge points to Plaintiff's deposition admission that he has "no information" that L'Auberge was aware of a dangerous condition before his event, and to his testimony that, as a regular guest, he experienced no prior elevator issues. L'Auberge also offers unrefuted evidence of regular elevator inspection/servicing by KONE, including two days before the incident, and an absence of prior reports of erratic operation in the months preceding the event. Plaintiff offered no expert or other evidence that L'Auberge's maintenance practices were inadequate. On this record, Plaintiff fails to raise a genuine dispute on actual or constructive notice or on a breach of reasonable care.

### 2.  *Res Ipsa Loquitur*

Plaintiff argues that *res ipsa loquitur* supplies the necessary inference of negligence. The doctrine is to be applied sparingly under Louisiana law and generally requires that: (a) the circumstances are so unusual that, absent other evidence, an inference of negligence arises; (b) the instrumentality was in the defendant's exclusive control; and (c) the most reasonable conclusion is that the accident was due to defendant's breach. *See, e.g., Wilson v. Hibernia Nat. Bank*, 517 So. 2d 1206, 1208 (La. Ct. App. 1987), writ denied, 520 So. 2d 425 (La. 1988). Here, Plaintiff asserts L'Auberge had "exclusive control" because it could select contractors; however, the undisputed evidence shows that KONE, not L'Auberge, inspected and maintained the elevators, weakening any claim that L'Auberge had exclusive control over the instrumentality's condition. Further, the Forester affidavit and lack of prior reports

undermine the contention that the most probable cause was L'Auberge's negligence, as opposed to other non-negligent causes. On this record, the *res ipsa loquitur* showing is insufficient to create a triable inference against L'Auberge.

Accordingly, L'Auberge's MOTION FOR SUMMARY JUDGMENT is GRANTED.

### B. Claims Against KONE

#### 1. Defect and Negligence

Plaintiff also asserts product defect and negligence claims against KONE. But he identifies no competent evidence of a specific design, manufacturing, installation, or operational defect in the elevator, nor any evidence that KONE's conduct fell below the standard of care or that such conduct was a cause-in-fact of his injuries. KONE relies on Forester's affidavit establishing routine weekly inspections and the absence of prior reports of erratic operation in the months preceding the incident, including a visit two days before the event. Plaintiff offers no expert testimony, testing, maintenance records, or other admissible evidence to establish a defect or substandard maintenance attributable to KONE, or to show KONE had actual or constructive notice of a hazardous condition.

#### 2. *Res Ipsa Loquitur*

Plaintiff also invokes *res ipsa loquitur* against KONE, arguing that the elevator's abnormal operation, KONE's maintenance contract, and the absence of other explanations warrant an inference of negligence. However, the summary judgment record shows only Plaintiff's account of abrupt movements, with no corroborating technical evidence of a malfunction traceable to KONE's negligence or

a defect existing when the product left KONE's control. The regular inspection regimen, lack of prior incident reports, and inspection two days before the event constitute unrebutted evidence inconsistent with the exclusivity and probability requirements for *res ipsa*. On this record, Plaintiff's *res ipsa loquitur* argument does not supply the missing evidentiary foundation to reach a jury.

Accordingly, KONE's MOTION FOR SUMMARY JUDGMENT is GRANTED.

## IV. Conclusion

Considering the foregoing,

IT IS HEREBY ORDERED that L'Auberge's MOTION FOR SUMMARY JUDGMENT [Doc. 68] is GRANTED. Plaintiff's claims against PNK (Lake Charles), LLC d/b/a L'Auberge Casino Resort Lake Charles are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that KONE's MOTION FOR SUMMARY JUDGMENT [Doc. 70] is GRANTED. Plaintiff's claims against KONE, Inc. are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 20th day of February 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE